```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

BOBBY JOE RIPPY              ]
    Plaintiff,           ]
                         ]
v.                           ]     No. 3:13-0037
                         ]     Judge Campbell
TORY JOHNSON, et al.         ]
    Defendants.          ]


### M E M O R A N D U M

    The plaintiff, proceeding *pro se*, is an inmate at the Davidson County Criminal Justice Center in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against Tory Johnson, District Attorney General for Davidson County, Bryan Johnson, identified as a police Commander, and unnamed district attorneys, seeking injunctive relief and damages.

    According to the complaint, the plaintiff "was forced to take a sentence which I did not agree to, and the court D.A. did not let me go to trial, even though I requested it, and charge is from something my twin brother did ....". Docket Entry No.1 at pg.4.

    A prisoner does not state a cognizable claim under 42 U.S.C. § 1983 if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has

been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, the plaintiff's claims are not yet cognizable in a § 1983 action.

In the absence of a cognizable claim, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                            Todd Campbell
                                            United States District Judge